# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHERYL KOEHN, | \* | |
| as mother and next friend of | \* | No. 11-355V |
| VANESSIA KOEHN, | \* | Special Master Christian J. Moran |
| | \* | |
| Petitioner, | \* | Filed: September 15, 2014 |
| | \* | |
| v. | \* | |
| | \* | Attorneys' fees and costs; interim |
| SECRETARY OF HEALTH | \* | award; in the amount to which |
| AND HUMAN SERVICES, | \* | respondent does not object. |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>P. Leigh O'Dell</u>, Beasley, Allen, et al., Montgomery, AL, for petitioner;
<u>Darryl R. Wishard</u>, United States Dep't of Justice, Washington, DC, for
respondent.

**UNPUBLISHED DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]**

    Cheryl Koehn claims that the human papillomavirus ("HPV") vaccine
caused her daughter, Venessia, to suffer from systemic juvenile idiopathic arthritis
("sJIA"). Ms. Koehn seeks compensation pursuant to the National Childhood
Vaccine Injury Act, 42 U.S.C. §§ 300aa—10 through 34 (2006). Her case remains
pending on appeal at the Court of Appeals for the Federal Circuit.

    Ms. Koehn is now awarded, on interim basis, attorneys' fees and costs in the
total amount of **$82,000.00**. See <u>Avera v. Sec'y of Health & Human Servs.</u>, 515

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17,
2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b),
the parties have 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special
master will appear in the document posted on the website.

F.3d 1343, 1352 (Fed. Cir. 2008).   Additionally, in compliance with General
Order No. 9, Ms. Koehn states that she has not incurred any out-of-pocket
litigation expenses while pursuing this claim.

On June 7, 2014, Ms. Koehn filed an application for an award of interim
attorneys' fees and costs, seeking a total of $90,842.59.  This request includes
work performed by Ms. Koehn's current attorney, Patricia Leigh O'Dell, from the
filing of Ms. Koehn's petition on June 6, 2011, through October 31, 2013.  After
two extensions of time, Ms. Koehn filed a joint stipulation on August 29, 2014,
stating that the parties have agreed on a (reduced) amount for interim attorney's
fees and costs to be awarded to Ms. Koehn and to which respondent will not
object.

Regardless of whether they entitled to compensation, petitioners who bring
their petition in good faith and who have a reasonable basis for the petition may be
awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  In Avera v.
Sec'y of Health & Human Servs., the Federal Circuit stated that awards of
attorneys' fees and costs on an interim basis are permitted in the Vaccine Program.
515 F.3d 1343, 1352 (Fed. Cir. 2008).  Respondent does not object or dispute that
Ms. Koehn's petition was filed in good faith and with a reasonable basis. [2]  See
Stipulation, filed Aug. 29, 2014, at 1.

A subsidiary question is whether an award of attorneys' fees and costs
should be made now, that is, on an interim basis.  This issue involves consideration
of various factors, including protracted proceedings, costly experts, and undue
hardship.  Avera, 515 F.3d at 1351-52; McKellar v. Sec'y of Health & Human
Servs., 101 Fed. Cl. 297, 300-01 (2011) (discussing Avera factors).

Ms. Koehn satisfies these factors.  The case has been pending for over three
years without any previous award of interim fees and costs.  Shortly following the
filing of her petition, Ms. Koehn provided reports from her expert, Dr. McCabe
Exhibit 9, filed Aug. 24, 2011; exhibit 27, filed Oct. 3, 2011.  On November 14,
2011, respondent filed her Vaccine Rule 4(c) report, denying that the case was
appropriate for compensation.  The parties then submitted briefs in preparation for

---

[2] The finding that the petition was supported by good faith and reasonable basis is not
intended to suggest whether Ms. Koehn is entitled to compensation.

an entitlement hearing.   Ms. Koehn's expert testified during the entitlement hearing on June 21, 2012 in Washington, DC.

A decision denying entitlement to compensation was issued on May 30, 2013.  Decision, 2013 WL 3214877 (Fed. Cl. Spec. Mstr. May 30, 2013).  Ms. Koehn filed a motion for review of this decision.  Pet'r's Mot., filed July 1, 2013.  The Court of Federal Claims denied Ms. Koehn's motion.  C.K. v. Sec'y of Health & Human Servs., 113 Fed. Cl. 757 (Fed. Cl. 2013).  On February 4, 2014, Ms. Koehn filed an appeal to Court of Appeals for the Federal Circuit.  Her appeal is currently pending and oral argument has been scheduled.

Ms. Koehn has filed her petition in good faith and with a reasonable basis.  Her counsel has diligently represented her at hearing and throughout her case and pending appeal, thus, she is entitled to an award of interim attorneys' fees and costs.

After a determination that Ms. Koehn is entitled to an award of attorneys' fees and costs, the next question is to decide the reasonable amount.  A review of the materials offered in support of the motion for interim attorneys' fees and costs indicates that the (reduced) requested amount is reasonable.  Therefore, Ms. Koehn is awarded the amount to which respondent did not object.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs.  Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioner's favor.   Those fees and costs are awarded as follows:

**A lump sum payment of $82,000.00, in the form of a check payable to petitioner and petitioner's counsel of record, Patricia Leigh O'Dell.**

The Clerk shall enter judgment accordingly.[3]

---

[3]  Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

                                        s/Christian J. Moran
                                        Christian J. Moran
                                        Special Master